IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-85-FL
NO. 5:16-CV-172-FL

| | |
|---|---|
| KEVIN ALONZO JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to reopen 28 U.S.C. § 2255 motion to vacate (DE 62). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion.

**BACKGROUND**

On September 6, 2013, petitioner pleaded guilty, pursuant to written plea agreement, to one count of felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924, and was sentenced to 92 months to be served consecutively with a prior sentence already imposed. On April 11, 2016 and April 21, 2016, as corrected, petitioner filed pro se a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that crimes used to calculate his base offense level under §2K2.1 of the United States Sentencing Guidelines were invalidated for guidelines purposes by the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

The government filed a motion to dismiss to which petitioner's appointed counsel

---

[1] This §2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

responded.[2]  Thereafter, on May 1, 2017, petitioner's counsel filed a notice of withdrawal as to his motion to vacate.  On October 12, 2017, petitioner submitted the instant motion to court, informing the court he did not consent to a withdrawal of his motion and requests clarification and status of the pending motion, which the court construes as a motion to reopen petitioner's 28 U.S.C. § 2255 motion to vacate.

**COURT'S DISCUSSION**

A.     Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.     Analysis

Petitioner's motion to reopen attacks his underlying conviction; the court thus construes his motion as second or successive petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Such a petition may not be brought prior to receiving certification from the United States Court of Appeals for the Fourth Circuit that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255; see United States v.

---

[2] Petitioner's counsel was appointed pursuant to Standing Order 15-SO-02.

2

Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Plaintiff presents no such certification. Accordingly, petitioner's § 2255 claim must be dismissed.

However, even if petitioner's motion was not second or successive, petitioner's Johnson claim fails on the merits.

In Johnson, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a "violent felony" for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in Johnson held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court later decided Welch v. United States, 136 S. Ct. 1257, 1268 (2016), which held that Johnson applies retroactively to cases on collateral review.

Petitioner relies on Johnson's reasoning to challenge application of a clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing.[3] See U.S.S.G. § 2K2.1, cmt. n.1 (stating § 4B1.2(a) provides the definition for "crime of violence" in § 2K2.1). The Supreme Court held in Beckles, however, that "the Guidelines are not amenable to a vagueness challenge." 137 S. Ct. at 886. Petitioner may not rely on Johnson's reasoning to attack his guidelines calculation. Consequently, petitioner's Johnson claim must be dismissed.[4]

---

[3] The definition of "crime of violence," revised August 1, 2016, no longer contains a residual clause.

[4] Additionally, petitioner's presentence report ("PSR") shows that the enhancement found at U.S.S.G. § 2K2.1 was based on defendant's prior convictions for common law robbery and possession with intent to manufacture, sell, and deliver cocaine, two qualifying offenses under the sentencing guidelines, as previously found by this court. (See PSR (De 39) at ¶¶ 19, 20, 43); United States v. Edwards, No. 5:13-CR-236-FL-1, 2018 WL 890073, at *3 (E.D.N.C. Feb. 14, 2018) (common law robbery); Strain v. United States, No. 5:14-CR-60-FL-1, 2017 WL 3669531, at *3 (E.D.N.C. Aug. 24, 2017) (possession with intent to manufacture, sell, and deliver cocaine).

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 482-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to reopen 28 U.S.C. § 2255 motion to vacate (DE 62). This court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of April, 2018.

LOUISE W. FLANAGAN
United States District Judge